Filed 1/14/22  Winslow v. Alliance Industrial Refrigeration etc. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| KATHY WINSLOW et al.,<br><br>  Petitioners and Appellants,<br><br>  v.<br><br>ALLIANCE INDUSTRIAL REFRIGERATION SERVICES, INC., et al.,<br><br>  Respondents. | B307788<br><br>(Los Angeles County<br> Super. Ct. No. 19STCP02810) |

APPEAL from an order of the Superior Court for Los Angeles County, James Chalfant, Judge.  Affirmed.

California Land Law and Richard J. Cowles for Petitioners and Appellants.

Wilcox Dunakin Chrisopoulos and Chad C. Wilcox for Respondents.

# INTRODUCTION

Kathy Lohr and Kathy Winslow (petitioners), shareholders of Alliance Industrial Refrigeration Services, Inc. (Alliance), made a written demand for inspection of various records pursuant to Corporations Code section 1601.[1] After Alliance allegedly failed to comply with the inspection demand, petitioners sought court intervention and filed a petition for writ of mandate against respondents Alliance and its directors Grant Golding, Daniel Jordan, and Richard Dones. (§ 1603; Code Civ. Proc., § 1085.) Prior to the trial court ruling on the merits, respondents fully complied with the inspection demand. Petitioners thereafter sought attorney fees, arguing that Alliance's refusal to comply with the inspection demand absent court intervention was without justification. (See § 1604.) Specifically, petitioners contended Alliance refused to provide a declaration regarding the nonexistence of certain corporation documents as well as a settlement agreement with a former employee. The trial court denied the motion for attorney fees.

On appeal, petitioners argue the trial court erred in ruling: (1) a declaration of inability to comply with an inspection demand is not required by section 1601; and (2) respondents' failure to provide the settlement agreement was justified. We disagree with petitioners and affirm the trial court's order denying attorney fees.

---

[1] All further statutory references are to the Corporations Code, unless otherwise stated.

## FACTUAL AND PROCEDURAL HISTORY

Petitioners each own 1,000 shares of capital stock of Alliance, which constitutes at least five percent of the issued and outstanding shares of Alliance.

On July 25, 2018, petitioners, through counsel, made a written demand to Grant Golding, Chief Executive Officer of Alliance, to make available certain books and records of the corporation for inspection and copying pursuant to section 1601. The inspection demand was based on Alliance's allegation that Eric Merrell, a former officer and director of Alliance, had embezzled $5 million from the corporation. Counsel for Alliance indicated a willingness to cooperate with the inspection demand and produced over 7,000 pages of documents to petitioners.

During the production process, counsel for Alliance notified petitioners' counsel that many of the documents requested do not exist. On several occasions, petitioners' counsel asked for a declaration from Alliance regarding the nonexistence of certain requested categories or documents. Counsel for Alliance uniformly responded that the applicable statute does not require Alliance to provide a declaration. Then, after Alliance had settled a lawsuit against Merrell for allegedly embezzling corporate funds, counsel for petitioners requested the settlement agreement. In response, counsel for Alliance stated he was waiting on litigation counsel's recommendation regarding the disclosure of the settlement agreement. In the interim, he provided the board's minutes discussing the terms of the agreement.

On July 3, 2019, petitioners sought a writ of mandate based on respondents' alleged refusal to fully comply with the inspection demand.

(§§ 1601, 1603; Code Civ. Proc., § 1085.) Petitioners contended the inspection demand was reasonably related to their interests as shareholders based on an alleged embezzlement of $5 million in Alliance funds by Merrell. Petitioners also sought attorney fees in connection with the writ proceeding. (§ 1604.)

At the trial setting conference on October 10, 2019, respondents indicated they were willing to comply with the record inspection and the court ordered the parties to meet and confer to discuss and resolve all outstanding issues.

At the further trial setting conference on December 12, 2019, respondents told the court that they believed they had complied with the inspection demand but were also open to anything additional that petitioners are seeking, within reason, to resolve the dispute. Respondents also stated the only issues outstanding were (1) a copy of the settlement agreement with Merrell and (2) a declaration from Alliance's CEO (Golding) attesting that the corporation had provided all the documents in their possession. Respondents emphasized that disclosure of the settlement agreement required a court order or permission from Merrell. Petitioners indicated that they had not received all documents but were willing to accept a declaration from Golding attesting that those documents, in fact, did not exist. In addition, counsel argued that petitioners as shareholders were entitled to the settlement agreement. The court responded that under the Corporations Code, a shareholder is not entitled to such a declaration or a settlement agreement absent notice to the third party. The court then directed respondents to give notice to Merrell that the court is

4

tentatively ordering disclosure of the settlement agreement by January 23, 2020, to petitioners only. Unless Merrell objects to disclosure on an ex parte basis, respondents are to disclose the agreement. Furthermore, respondents were directed to provide the requested declaration. After the hearing, respondents produced the settlement agreement as well as Golding's declaration regarding compliance with the inspection demand. On February 18, 2020, petitioners indicated that attorney fees and costs were the only outstanding issue in the matter, and the court directed the parties to meet and confer prior to filing a motion.

On August 18, 2020, petitioners filed a motion for attorney fees in the amount of $21,366.22 based on respondents' alleged refusal to comply with their inspection demand. As relevant here, petitioners contended that respondents refused to turn over the settlement agreement until the trial court intervened and ordered the agreement produced. In addition, respondents only fully complied with the inspection demand when petitioners were provided with the Golding declaration, confirming the remainder of Alliance's financial documents demanded by petitioners were nonexistent.

Respondents opposed the request for attorney fees, arguing they never refused to produce any document required by the Corporations Code. Contrary to petitioners' contention, the Golding declaration was not a corporate record under section 1601. Moreover, respondents contended that Alliance's settlement agreement with Merrell was confidential and therefore required written permission by Merrell or a court order to disclose. Respondents even attempted to obtain written

5

authorization from Merrell, but they were unsuccessful.[2]  Therefore, petitioners have failed to establish that respondents failed to comply with a lawful inspection demand without justification.

At the hearing, the court found that the settlement agreement "could not be produced without a court order" and "[t]he declaration of Grant Golding is not a record to which petitioner[s] [were] entitled but, rather, it is a statement of compliance or inability to comply, more accurately.  Therefore, it cannot support an award of attorney's fees." The court also found "the respondent[s] [have] been completely cooperative both before and after the petition was filed, and that there was no basis for award of attorney's fees."  The court stated its tentative was to deny the motion for attorney fees.  After argument from the parties, the court adopted its tentative and denied the motion.

Petitioners filed a timely notice of appeal from the order denying attorney fees.

## DISCUSSION

On appeal, petitioners contend they are entitled to attorney fees because:  (1) a declaration attesting to inability to comply with a lawful inspection demand is required under section 1601; and (2) respondents' failure to provide this declaration as well as the settlement agreement with Merrell was without justification.

Upon the written demand, any shareholder of a corporation has the right to inspect and copy "[t]he accounting books, records, and

---

[2]    Petitioner Lohr, Merrell's mother-in-law, was also unable to secure written authorization from Merrell.

minutes of proceedings of the shareholders and the board and committees of the board of any . . . corporation . . . for a purpose reasonably related to the holder's interests as a shareholder." (§ 1601, subd. (a)(1).) Although shareholders have some rights to corporate information which are not enjoyed by the general public, shareholder status does not in and of itself entitle a shareholder to unfettered access to corporate confidences and secrets. (*National Football League Properties, Inc. v. Superior Court* (1998) 65 Cal.App.4th 100, 107; *Thomas v. Gordon* (2000) 85 Cal.App.4th 113, 122 ["a shareholder has only a limited right to access to corporate financial records"].) The trial court may enforce the right of inspection if a corporation refuses a lawful demand. (§ 1603, subd. (a).) The court is empowered to award reasonable expenses, including attorney fees, to a shareholder whose demand for inspection was refused without justification. (§ 1604.) Petitioners sought attorney fees under this provision, arguing that respondents' refusal to fully comply was "without justification."

First, petitioners contend that a declaration of inability to comply with a lawful inspection demand is required under section 1601. "The statute guarantees a shareholder's right to inspect accounting books and records at the [corporate] office at a reasonable time during usual business hours when such inspection is requested by a written demand." (*Jara v. Suprema Meats, Inc.* (2004) 121 Cal.App.4th 1238, 1265; see § 1601.) The scope of the duty imposed by section 1601 requires no more than the corporation open financial records for *inspection* at corporate offices. (*Id.* at p. 1263; *Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 431.) Petitioners have not cited any

7

authority establishing that shareholders have extended rights to demand, and corporations have a corresponding affirmative duty to provide, a declaration of inability to comply with an inspection demand. Such an obligation is not only beyond the plain language of section 1601, but it would also create an unnecessary burden on the corporation to provide a declaration for every inspection demand regarding the completeness of corporate books and records. (See *Jara v. Suprema Meats, Inc., supra,* at p. 1265.)

Petitioners then contend respondents' production of the Golding declaration and settlement agreement after intervention by the trial court was without justification. As previously discussed, a declaration of inability to comply with an inspection demand is not required under section 1601. Thus, the declaration cannot be subject to a motion for attorney fees under section 1604. As to the settlement agreement, we agree with the trial court that withholding the agreement was justified. Respondents could not produce the settlement agreement as it was confidential, and Alliance was contractually obligated not to disclose it without written permission from Merrell or court order. (See *National Football League Properties, Inc. v. Superior Court, supra,* 65 Cal.App.4th at p. 107.) Respondents were unable to secure permission from Merrell but readily produced the agreement after receiving a court order.

We conclude a declaration of inability to comply with a lawful inspection demand is not required under section 1601. We further conclude that respondents' failure to provide the settlement agreement prior to court intervention was not without justification. Therefore, the

trial court did not abuse its discretion in denying petitioners' motion for attorney fees.

## DISPOSITION

The order denying attorney fees is affirmed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


CURREY, J.


MICON, J.*

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.